ROPES & GRAY LLP
Mark R. Somerstein (MS 9721)
Keith H. Wofford (KW 2225)
David S. Elkind (DE 4054)
Russell L. Lippman (RL 2492)
Nila W. Williams (NW 5969)
1211 Avenue of the Americas
New York, New York 10036-8704
Telephone: (212) 596-9000
Facsimile:  (212) 596-9090

Proposed Counsel to the Official
Committee of Unsecured Creditors

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CHARTER COMMUNICATIONS, INC., | ) | 09-11435 (JMP) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | |
| JPMORGAN CHASE BANK, N.A., | ) | |
| as Administrative Agent, | ) | |
| | ) | |
| Plaintiff, | ) | Adversary Proceeding |
| | ) | No. 09-01132 (JMP) |
| -against- | ) | |
| | ) | |
| CHARTER COMMUNICATIONS OPERATING, | ) | |
| LLC and CCO HOLDINGS, LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MEMORANDUM OF LAW OF OFFICIAL COMMITTEE OF UNSECURED
CREDITORS IN SUPPORT OF DEBTORS' MOTION
TO DISMISS ADVERSARY COMPLAINT**

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................... ii

PRELIMINARY STATEMENT ..............................................................................1

STATEMENT OF FACTS .......................................................................................2

ARGUMENT.............................................................................................................4

    I.      The Adversary Proceeding Is a Core
            Proceeding Under 28 U.S.C. § 157................................................................4

    II.     The Court Should Decline to Hear the Complaint
            in the Exercise of Its Sound Discretion.........................................................6

    III.    The Adversary Complaint Should Be Dismissed
            Because It Does Not Allege Any Events of Default...................................7

CONCLUSION..........................................................................................................8

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

In re Best Prods. Co., Inc.,
　68 F.3d 26 (2d Cir. 1995) ............................................................................................6

In re CBI Holding Co., Inc.,
　529 F.3d 432 (2d Cir. 2008)........................................................................................6

In re Enron Corp.,
　349 B.R. 108 (Bankr. S.D.N.Y. 2006)..........................................................................5

In re Orion Pictures Corp.,
　4 F.3d 1095 (2d Cir. 1993).......................................................................................5, 6

In re PSINet, Inc.,
　271 B.R. 1 (Bankr. S.D.N.Y. 2001).............................................................................5

In re Quigley Co.,
　361 B.R. 723 (Bankr. S.D.N.Y. 2007).........................................................................7

In re U.S. Lines, Inc.,
　197 F.3d 631 (2d Cir. 1999)....................................................................................5, 6

International Secs. Exch. LLC v. Dow Jones & Co., Inc.,
　No. 07-3324, 2009 WL 46889 (2d Cir. Jan. 8, 2009) ..................................................6

Public Serv. Comm'n v. Wycoff Co., Inc.,
　344 U.S. 237 (1952)....................................................................................................6

Wilton v. Seven Falls Co.,
　515 U.S. 277 (1995)....................................................................................................6

**STATUTES**

11 U.S.C. § 365................................................................................................................7

11 U.S.C. § 1102..............................................................................................................3

11 U.S.C. § 1107(a) .........................................................................................................2

11 U.S.C. § 1108..............................................................................................................2

11 U.S.C. § 1109......................................................................................................................1

11 U.S.C. § 1124............................................................................................................ passim

28 U.S.C. § 157(b)...............................................................................................................1, 4

28 U.S.C. § 157(b)(1) ..............................................................................................................4

28 U.S.C. § 157(b)(2) ..............................................................................................................4

28 U.S.C. § 157(b)(3) .......................................................................................................1, 4, 8

28 U.S.C. § 2201......................................................................................................................6

Chapter 11 of the Bankruptcy Code....................................................................................1, 2


**OTHER AUTHORITIES**

Fed. R. Civ. P. 24(a)(1)............................................................................................................1

Fed. R. Bankr. P. 7024.............................................................................................................1

The Official Committee of Unsecured Creditors (the "**Committee**") respectfully submits this Memorandum of Law in support of Debtors' Motion to Dismiss the Adversary Complaint of JPMorgan Chase Bank, N.A. ("**JPMorgan**") and for a determination that this is a "core" proceeding under 28 U.S.C. § 157(b)(3) (the "**Motion**").[1] The Committee joins in the arguments made by the Debtors in support of their Motion and submits that the relief requested by the Debtors should be granted for the additional reasons set forth below.

## PRELIMINARY STATEMENT

JPMorgan is the Administrative Agent for the lender group for the Debtors' principal term and revolving credit facility, under which there are more than $8.2 billion of term and revolving credit loans outstanding. This adversary proceeding represents an effort by JPMorgan to delay or impede the reinstatement of the outstanding debt pursuant to section 1124 of the Bankruptcy Code (the "**Code**"), and confirmation of the Debtors' proposed chapter 11 plan of reorganization (the "**Plan**"), by asking this Court for a declaratory judgment that there were "Events of Default" under the applicable credit agreement.

The Committee believes that this Court should determine that the adversary proceeding is a "core" proceeding pursuant to Bankruptcy Code section 157(b), and that the JPMorgan adversary complaint (the "**Complaint**") should be dismissed on a variety of grounds.

---

[1] Pursuant to section 1109 of the Code, the Committee is authorized to appear and be heard in this adversary proceeding. In addition, the Committee has filed a motion to intervene as a party pursuant to section 1109 and Fed. R. Civ. P. 24(a)(1), made applicable to this proceeding by Bankruptcy Rule 7024.

First, and most importantly, the Committee believes that the JPMorgan claims should not be determined in an adversary proceeding seeking a declaratory judgment of issues that clearly relate to confirmation of the Debtors' Plan and reinstatement of the outstanding debt thereunder. Instead, JPMorgan's claims should be determined in the confirmation proceedings, which will necessarily decide all issues relating to the reinstatement of the JPMorgan debt. Such issues will include whether there were outstanding defaults (which the Committee believes there clearly were not) and whether the defaults, if any, affect reinstatement of the debt or can be cured under section 1124 of the Code. This Court should not entertain JPMorgan's effort to engage in piecemeal litigation of issues that clearly relate to reinstatement and confirmation, and it should not allow such issues to be selectively presented in a declaratory judgment action for strategic or procedural advantage.

Second, the Committee believes that the Complaint fails to state a claim upon which relief can be granted for each of the reasons set forth in the Debtors' Motion. Accordingly, the Committee believes that the Complaint should be dismissed for this reason, too.

The Committee submits that the relief requested by the Debtors in their Motion should be granted in its entirety.

**STATEMENT OF FACTS**

On March 27, 2009 (the "**Petition Date**"), the Debtors filed with this Court voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors have continued to operate and manage their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Code.

2

On April 10, 2009, the Office of the United States Trustee for the Southern District of New York (the "**United States Trustee**"), appointed the Committee pursuant to section 1102 of the Code. On April 15, 2009, the Committee retained Ropes & Gray LLP as its proposed counsel, subject to the approval of this Court, which will be sought shortly.

The Debtors' principal credit facility consists of a senior secured term and revolving loan facility, as to which there is approximately $8.2 billion outstanding pursuant to an Amended and Restated Credit Agreement dated as of March 18, 1999, as amended and restated as of March 6, 2007 (the "**Credit Agreement**"). The Credit Agreement was executed among Charter Communications Operating, LLC ("**CCO**"), as Borrower; CCO Holdings, LLC ("**CCO Holdings**"), as Guarantor; the lenders party thereto (the "**First Lien Lenders**"); and JPMorgan, as Administrative Agent for the First Lien Lenders.

Contemporaneous with the filing of the Debtors' petitions, the Debtors filed their Plan. That Plan is predicated upon reinstatement pursuant to section 1124 of the Code of a substantial portion of the Debtors' outstanding debt, including the outstanding debt under the Credit Agreement.

In an effort to create a roadblock to reinstatement of the outstanding debt, JPMorgan, as Administrative Agent for the First Lien Lenders, commenced this adversary proceeding on the Petition Date, seeking a declaratory judgment that certain prepetition defaults existed under the Credit Agreement at the time revolving credit draw-downs were made by CCO, as borrower, in October and November, 2008. JPMorgan's claims of "default" are based entirely upon claims that two of the non-borrower corporate

entities – parent corporations to CCO and CCO Holdings – were "unable to pay their debts as they came due" at the time the draw-downs were requested. However, no claim is made by JPMorgan that those non-borrower entities had, in fact, failed to make any debt or other payments, and it appears to be undisputed that those entities were at all relevant times current on their obligations.

On April 10, 2009, the Debtors filed their Motion to dismiss this adversary proceeding and for a determination that this is a "core" proceeding under 28 U.S.C. § 157(b)(3). The Committee joins in that Motion.

## ARGUMENT

### I

### THE ADVERSARY PROCEEDING IS A CORE PROCEEDING UNDER 28 U.S.C. § 157

In its Complaint, JPMorgan alleges that this adversary proceeding is not a "core" proceeding under 28 U.S.C. § 157(b)(1) and (b)(2). Compl. ¶ 24. To the contrary, this adversary proceeding clearly is a "core" proceeding under section 157(b) because the issues raised in the Complaint (i) are inextricably intertwined with "core" matters such as confirmation of the Debtors' plan and reinstatement of the outstanding debt and (ii) will directly affect the administration of the Debtors' estates. See 28 U.S.C. § 157(b).

Under 28 U.S.C. § 157(b), bankruptcy courts may hear and determine "all core proceedings arising under title 11, or arising in a case under title 11." 28 U.S.C. § 157(b)(1). Core proceedings include (i) "matters concerning the administration of the estate," (ii) "allowance or disallowance of claims against the estate," (iii) "confirmations of plans," and (iv) "other proceedings affecting . . . the adjustment of the debtor-creditor . . . relationship." 28 U.S.C. § 157(b)(2)(A), (B), (L), (O).

The Second Circuit has emphasized that a proceeding involving pre-petition contracts clearly is "core" if (i) "the type of proceeding is unique to or uniquely affected by the bankruptcy proceedings" or (ii) "the proceedings directly affect a core bankruptcy function." In re U.S. Lines, Inc., 197 F.3d 631, 637 (2d Cir. 1999); In re Enron Corp., 349 B.R. 108, 111 (Bankr. S.D.N.Y. 2006) ("proceeding is core, even if claims are based upon prepetition contracts, where the resolution of the contract dispute directly affects a core administrative function"). Here, there can be no doubt that this adversary proceeding will directly affect a "core function" and the administration of the case. Indeed, the <u>very purpose</u> of the adversary proceeding is to affect this Court's determinations with respect to the reinstatement of debt under the Credit Agreement pursuant to section 1124 of the Code and the confirmation of the Debtors' Plan, all of which will be decided as part of the confirmation process.

As the courts have stated, a proceeding that purports to affect "core" matters, and that is designed for that very purpose, is a "core" proceeding and may not be transmuted into a "non-core" matter by presenting issues for litigation piecemeal. Any ruling regarding the alleged "Events of Default" would clearly be a "step to the determination of core matters" because it relates to the reinstatement issues that are at the heart of the confirmation determination. In re PSINet, Inc., 271 B.R. 1, 23 (Bankr. S.D.N.Y. 2001). Under these circumstances, the proceeding is a core proceeding because it seeks to resolve a dispute that is a "necessary prerequisite to dealing with undisputedly core matters" under section 1124. Id.

The Second Circuit's decision in In re Orion Pictures Corp., 4 F.3d 1095 (2d Cir. 1993), is clearly distinguishable from the facts presented here. In Orion, the

5

Court of Appeals held that the bankruptcy court did not have core jurisdiction over a stand-alone breach-of-contract action brought by the debtor against a party who was not actively participating in the bankruptcy process. Id. at 1102. The Second Circuit itself has limited Orion to its facts and has held that Orion applies only where a debtor files a contract claim against a party that was not involved in the bankruptcy process, and where the outcome of the proceedings will have no meaningful effect on the reorganization process except to augment assets of the estate. See, e.g., In re CBI Holding Co., Inc., 529 F.3d 432, 462 (2d Cir. 2008); U.S. Lines, 197 F.3d at 638; In re Best Prods. Co., Inc., 68 F.3d 26, 32 (2d Cir. 1995).

Here, unlike in Orion, the adversary proceeding was filed not by the Debtors, but by JPMorgan. There can be no doubt that the very purpose of the adversary proceeding is to affect the most "core" of bankruptcy matters, i.e., the confirmation process and the determination of whether reinstatement pursuant to section 1124 can be allowed as part of the Debtors' Plan.

## II

**THE COURT SHOULD DECLINE TO HEAR THE COMPLAINT
IN THE EXERCISE OF ITS SOUND DISCRETION**

The law is clear that a court may decline to hear a declaratory judgment action in the exercise of its discretion under 28 U.S.C. § 2201. Wilton v. Seven Falls Co., 515 U.S. 277, 282 (1995); Public Serv. Comm'n v. Wycoff Co., Inc., 344 U.S. 237, 241 (1952). In the context of a declaratory judgment, "the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." International Secs. Exch. LLC v. Dow Jones & Co.,

Inc., No. 07-3324, 2009 WL 46889, at *1 (2d Cir. Jan. 8, 2009) (quoting Wilton, 515 U.S. at 288).

The Court should decline to exercise jurisdiction over this declaratory judgment action because it is little more than an effort to have this court rule prematurely on issues that are intertwined with the confirmation of the Debtors' Plan. In effect, JPMorgan seeks to litigate, piecemeal, issues that are inextricably tied to the determination whether the term and revolving loan debt under the Credit Agreement can be reinstated under section 1124 of the Bankruptcy Code and whether the Plan can be confirmed. The issue of whether there were "Events of Default" under the Credit Agreement, and whether those Events of Default, if any, affect reinstatement or are curable under sections 365 and 1124 of the Bankruptcy Code, are tied together. Those issues should be decided together as part of a single ruling on reinstatement as part of the determinations that are to be made in the Court's rulings on confirmation. JPMorgan should not be permitted to bring a declaratory judgment proceeding to circumvent the usual confirmation process or to provide it with procedural leverage in addressing confirmation issues. See In re Quigley Co., 361 B.R. 723, 746 (Bankr. S.D.N.Y. 2007) (cause of action for anticipatory repudiation may be addressed as core matter at confirmation).

### III

**THE ADVERSARY COMPLAINT SHOULD BE DISMISSED
BECAUSE IT DOES NOT ALLEGE ANY EVENTS OF DEFAULT**

The Committee joins in the Debtors' arguments that JPMorgan's Complaint fails to state a claim upon which relief can be granted and should be dismissed. Because the Committee believes that no valid claims have been stated, and

that, in any event, the issues should not be decided in an adversary proceeding, the Committee will not separately brief the issues, but instead joins in the arguments made by the Debtors.

**CONCLUSION**

For the reasons set forth above, the Court should determine that this adversary proceeding is a "core" proceeding under 28 U.S.C. § 157(b)(3) and should dismiss the Complaint in its entirety.

Dated: New York, New York
April 27, 2009

Respectfully submitted,

ROPES & GRAY LLP

By: /s/ David S. Elkind
Mark R. Somerstein (MS 9721)
Keith H. Wofford (KW 2225)
David S. Elkind (DE 4054)
Russell L. Lippman (RL 2492)
Nila W. Williams (NW 5969)
1211 Avenue of the Americas
New York, New York 10036-8704
Telephone: (212) 596-9000
Facsimile: (212) 596-9090

Proposed Counsel to the Official
Committee of Unsecured Creditors