

ROPES & GRAY LLP
1211 AVENUE OF THE AMERICAS
NEW YORK, NY 10036-8704
WWW.ROPESGRAY.COM

May 1, 2009

David S. Elkind
212-841-0608
646-728-1504 fax
david.elkind@ropesgray.com

**BY HAND**

Hon. James M. Peck
United States District Court for the
Southern District of New York
One Bowling Green
New York, NY 10004-1408

Re: In re Charter Communications, Inc., No. 09-11435 (JMP);
JPMorgan Chase Bank, N.A. v. Charter Communications Operating LLC, Adv. Pro. No. 09-01132 (JMP)

Dear Judge Peck:

As Your Honor is aware, we are counsel for the Official Committee of Unsecured Creditors (the "**Committee**") in the above-referenced cases, and will be filing an application for approval of our engagement shortly. As I indicated during the conference on April 27, 2009, we are writing to request Your Honor's approval of the enclosed proposed order (the "**Proposed Order**") modifying, as it applies to the Creditors Committee, the Confidentiality Agreement and Stipulated Protective Order between Charter Communications, Inc. and its subsidiaries (collectively, the "**Debtors**") and JPMorgan Chase Bank, N.A ("**JPMorgan**") entered by the Court on April 6, 2009 (the "**Protective Order**"). Counsel for the Debtors have agreed to the Proposed Order. As we discussed at the conference, counsel for the Debtors and we also agreed that this request would be presented to the Court by letter in order to expedite approval of an appropriate protective order to apply to the Committee.

The Proposed Order provides for the Committee to become a party to, and subject to, the Protective Order, with two modifications:

First, the Proposed Order, unlike the Protective Order, provides that the Committee would be deemed a party to the Protective Order with respect to all discovery materials produced by any of the parties in the adversary proceeding or the confirmation proceedings, but that it would not (absent agreement of the parties) apply to discovery materials produced by non-parties (i.e., persons not presently parties to the Protective Order) in other contested matters or adversaries in the case. The Debtors have agreed to this modification as it relates to the Committee. As entered by the Court, the Protective Order provides in paragraph 1 that it will apply to all matters in the chapter 11 cases. Unlike JPMorgan, however, which will be involved only in certain proceedings in the

chapter 11 cases, the Committee will be involved in the entire chapter 11 cases, and we do not believe that, by virtue of a Protective Order applying to the above adversary proceeding, there should be a protective order applying to every contested matter, proceeding and other matter in the chapter 11 cases.

The second change that we have proposed as it relates to the Committee is to provide that we, as counsel for the Committee, may share all materials and information with the members of the Committee (specifically, with up to eight designees of the members of the Committee) and their counsel, provided they agree to maintain the confidentiality of those materials. The sole exception to this is that, with respect to "Professional Eyes Only – Highly Confidential" materials, we may discuss the substance of all such materials with the eight designees of the members of the Committee and their counsel, but may not provide them with actual copies of such documents without consent of the producing party or a further order of the Court. The Debtors have also agreed to these modifications of the Protective Order as they relate to the Committee.

It is essential that we, as counsel for the Committee, be free to discuss all matters with the Committee without fear that we are running afoul of a protective order. The Committee has a unique role in the case as the official representative of unsecured creditors with a duty. In order to discharge its statutory duties in the best interests of creditors, the Committee must be given access to materials, and must be free to discuss all materials provided that they preserve confidentiality.

For the foregoing reasons, the Committee respectfully requests that the Court enter the attached Proposed Order.

Thank you.

Sincerely,

David S. Elkind

cc: Counsel on Attached Service List (by email and U.S. Mail)

Enclosure

## Service List

Richart M. Cieri
Paul M. Basta
Stephen Hessler
Kirkland & Ellis LLP
153 E 53rd Street
New York, NY 10022

Ray C. Schrock
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, IL 60601-6636

Daniel T. Donovan
Kirkland & Ellis LLP
655 Fifteenth Street, N.W.
Washington, DC 20005

Paul K. Schwartzberg
Assistant U.S. Trustee
Office of the United States Trustee
33 Whitehall Street, 21st Floor
New York, NY 10004

Bruce D. Angiolillo
Bryce Friedman
Peter Pantaleo
George S. Wang
Simpson Thacher & Bartlett LLP
425 Lexington Avenue
New York, NY 10017-3954

Albert Togut
Frank Oswald
Togut, Segal & Segal LLP
One Penn Plaza
New York, NY 10119

Michelle Ross
Nixon Peabody LLP
437 Madison Avenue
New York, NY 10022

Daniel J. Saval
Brown Rudnick LLP
7 Times Square
New York, NY 10036

Alan W. Kornberg
Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, NY 10019-6064

David S. Rosner
Kosowitz, Benson, Torres & Friedman LLP
1633 Broadway
New York, NY 10019

Jay M. Goffman
Skadden, Arps, Slate, Meagher & Flom LLP
4 Times Square
New York, NY 10036

Dane A. Drobny
Winston & Strawn LLP
35 West Wacker Drive
Chicago, IL 60601-9703

David G. Rizzo
KPMG LLP
Office of General Counsel
757 Third Avenue
New York, NY 10017

Arthur H. Ruegger
Sonnenschein Nath & Rosenthal, LLP
1221 Avenue of the Americas
New York, NY 10020-1089

Michael Hopkins
David Haller
Covington & Burling LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405