Robert E. Zimet
Susan L. Saltzstein
Jeremy A. Berman
SKADDEN, ARPS, SLATE,
 MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
*Attorneys for Paul G. Allen*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| In Re: | : | Chapter 11 Cases |
| CHARTER COMMUNICATIONS, INC. | : | Case No. 09-011435 (JMP) |
| Debtors. | : | (Jointly Administered) |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| JPMORGAN CHASE BANK, N.A., as Administrative Agent, | : | |
| Plaintiff, | : | Adversary Proceeding No. 09-01132 (JMP) |
| - against - | : | |
| CHARTER COMMUNICATIONS OPERATING, LLC and CCO HOLDINGS, LLC, | : | |
| | : | |
| Defendants. | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

# APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING PAUL G. ALLEN TO FILE UNDER SEAL PAUL G. ALLEN'S RESPONSE TO JPMORGAN CHASE, N.A.'S MOTION TO ADJOURN THE JULY 20, 2009 ADVERSARY PROCEEDING TRIAL AND CONFIRMATION HEARING AND THE <u>LAW DEBENTURE TRUST COMPANY OF NEW YORK'S JOINDER</u>

Paul G. Allen hereby applies the Court for entry of an order substantially in the form attached as Exhibit A hereto (the "Proposed Order") authorizing the filing under seal with the Court of its Response to JPMorgan Chase, N.A.'s ("JPM") Motion to Adjourn the July 20 Adversary Proceeding Trial and Confirmation Hearing and the Law Debenture Trust Company of New York's Joinder (the "Response").

In support of the instant Application, Mr. Allen respectfully states as follows:

## JURISDICTION

1.      The Court has jurisdiction over this Application under 28 U.S.C. § 1334. This is a non-core proceeding within the meaning of 28 U.S.C. § 157(c). Venue is proper under 28 U.S.C. § 1409(a).

2.      The statutory predicates for relief are section 107(b) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9018 of the Federal Rules of Bankruptcy Procedure.

## BACKGROUND

3.      The Confidentiality Order entered by this Court on April 6, 2009 allows parties producing documents to designate certain materials as "Confidential" or "Highly Confidential." A true and correct copy of the Confidentiality Order is attached hereto as Exhibit B; *see* Ex. B at ¶ 13. The Confidentiality Order further provides that if a party files any Confidential or Highly Confidential Materials or any of the information contained therein with the Court, that party will make a good-faith effort to file that material under seal. *See id.* at ¶ 13.

4.      On July 13, 2009, Mr. Allen will file his Response and a supporting declaration of Robert E. Zimet and accompanying Exhibits (the "Zimet Declaration"), dated July 13, 2009. Mr. Allen has served the Response and Zimet Declaration on certain parties to these

cases (the "Parties"[1]). All of the Parties that were served have executed a copy of the Confidentiality Order. The Response and Zimet Declaration attach and reference documents designated as Confidential or Highly Confidential (collectively, the "Confidential Information"). All of the Parties that were served are entitled to see the Confidential Information contained in the Response and Zimet Declaration and all Exhibits thereto.

## RELIEF REQUESTED

5.       In accordance with the Confidentiality Order, by this Application, Mr. Allen requests that the Court authorize it to file under seal Mr. Allen's Response and the Zimet Declaration and all Exhibits attached thereto.

## BASIS FOR RELIEF

6.       Section 107(b) of the Bankruptcy Code provides bankruptcy courts with the power to issue orders that will protect entities from potential harm that may result from the disclosure of certain confidential information.

7.       Bankruptcy Rule 9018 defines the procedures by which a party may move for relief under the section 107(b) of the Bankruptcy Code.

8.       The parties that produced the materials Mr. Allen seeks to file under seal presumably designated those materials "Confidential" or "Highly Confidential" in accordance with the definitions of those designations in the Confidentiality Order, including that the materials are those that "it would not want to be made public in the ordinary course of its activities, including but not limited to technical, business, financial, personal or other

---

[1]    The Parties are: (a) counsel for the Debtors (b) counsel to the Agent for the Debtors' Prepetition Junior Facility and Certain of the Lenders Thereunder; (c) counsel to the Agent for the Debtors' Unofficial Committee of Unaffiliated Holders of Certain CCH I & CCH II Notes Issuances; (d) counsel to the Unofficial Committee of Unaffiliated Holders of Certain CCH II Note Issuances; (e) counsel for Charter Investment, Inc. & Vulcan Cable III, Inc.; (f) the Office of the United States Trustee for the Southern District of New York; and (g) counsel for the Creditors' Committee.

information that can be protected under Federal Rule of Civil Procedure 26(v) and Federal Rule of Bankruptcy Procedure 7026" or that are "of such a nature that a risk of competitive injury would be created if such Discovery Material were disclosed" to persons other than those expressly permitted by the Confidentiality Order. *See* Ex. B at ¶ 3.

9.    The Response and the Zimet Declaration and Exhibits attached thereto also reference highly sensitive and confidential information regarding one or more of the parties.

## NOTICE

10.    Notice of this Application has been given to the Parties as defined herein, namely: (a) counsel for the Debtors and Debtors in Possession; (b) counsel to the Debtor and Debtor in Possession Charter Investment, Inc.; (c) counsel to the Agent for the Debtors' Prepetition Junior Facility and Certain of the Lenders Thereunder; (d) counsel to the Agent for the Debtors' Unofficial Committee of Unaffiliated Holders of Certain CCH I & CCH II Notes Issuances; (e) counsel to the Unofficial Committee of Unaffiliated Holders of Certain CCH II Note Issuances; (f) counsel for Charter Investment, Inc. & Vulcan Cable III, Inc.; (g) the Office of the United States Trustee for the Southern District of New York; and (h) counsel for the Creditors' Committee. In light of the nature of the relief requested herein, Mr. Allen submits that no other or further notice is required.

## NO PRIOR REQUEST

11.    No prior application for the relief requested herein has been made to this Court or any other court.

WHEREFORE, Mr. Allen respectfully requests that the Court (i) enter an order, substantially in the form annexed hereto authorizing Mr. Allen to file under seal Mr. Allen's

Response and the Zimet Declaration and all Exhibits attached thereto; and (ii) granting such

other and further relief as the Court deems appropriate.

Dated: July 13, 2009
      New York, New York

                  Respectfully submitted,

                  SKADDEN, ARPS, SLATE,
                    MEAGHER & FLOM LLP

By: _____
                  Robert E. Zimet
                  Susan L. Saltzstein
                  Jeremy A. Berman
Four Times Square
New York, New York 10036
(212) 735-3000

Attorneys for Paul G. Allen