Robert E. Zimet
Susan L. Saltzstein
Jeremy A. Berman
SKADDEN, ARPS, SLATE,
    MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
*Attorneys for Paul G. Allen*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| In Re: | : | Chapter 11 Cases |
| CHARTER COMMUNICATIONS, INC. | : | Case No. 09-011435 (JMP) |
| Debtors. | : | (Jointly Administered) |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| JPMORGAN CHASE BANK, N.A., as Administrative Agent, | : | |
| Plaintiff, | : | Adversary Proceeding No. 09-01132 (JMP) |
| - against - | : | |
| CHARTER COMMUNICATIONS OPERATING, LLC and CCO HOLDINGS, LLC, | : | |
| Defendants. | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING
PAUL G. ALLEN TO FILE UNDER SEAL HIS
MOTION IN LIMINE FOR A DECLARATION THAT HE IS NOT REQUIRED TO
APPEAR FOR LIVE TESTIMONY AT THE CONFIRMATION HEARING**

Paul G. Allen hereby applies to the Court for entry of an order substantially in the form attached as Exhibit A hereto (the "Proposed Order") authorizing the filing under seal with the Court of his Motion In Limine For A Declaration That He Is Not Required To Appear For Live Testimony At The Confirmation Hearing (the "Motion").

In support of the instant Application, Mr. Allen respectfully states as follows:

## JURISDICTION

1. The Court has jurisdiction over this Application under 28 U.S.C. § 1334. This is a non-core proceeding within the meaning of 28 U.S.C. § 157(c). Venue is proper under 28 U.S.C. § 1409(a).

2. The statutory predicates for relief are section 107(b) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9018 of the Federal Rules of Bankruptcy Procedure.

## BACKGROUND

3. The Confidentiality Order entered by this Court on April 6, 2009 allows parties producing documents to designate certain materials as "Confidential" or "Highly Confidential." A true and correct copy of the Confidentiality Order is attached hereto as Exhibit B; *see* Ex. B at ¶ 13. The Confidentiality Order further provides that if a party files any Confidential or Highly Confidential Materials or any of the information contained therein with the Court, that party will make a good faith effort to file that material under seal. *See id.* at ¶ 13.

4. On July 16, 2009, Mr. Allen will file his Motion and a supporting declaration of Robert E. Zimet and accompanying Exhibits (the "Zimet Declaration"), dated July 16, 2009. Mr. Allen has served the Motion and Zimet Declaration on certain parties to these

cases (the "Parties"[1]). All of the Parties that were served have executed, through their counsel, a copy of the Confidentiality Order. The Motion and Zimet Declaration attach and reference documents designated as Confidential or Highly Confidential (collectively, the "Confidential Information"). All of the Parties that were served are entitled to see the Confidential Information contained in the Motion and Zimet Declaration and all Exhibits thereto.

## RELIEF REQUESTED

5.     In accordance with the Confidentiality Order, by this Application, Mr. Allen requests that the Court authorize it to file under seal Mr. Allen's Motion and the Zimet Declaration and all Exhibits attached thereto.

## BASIS FOR RELIEF

6.     Section 107(b) of the Bankruptcy Code provides bankruptcy courts with the power to issue orders that will protect entities from potential harm that may result from the disclosure of certain confidential information.

7.     Bankruptcy Rule 9018 defines the procedures by which a party may move for relief under the section 107(b) of the Bankruptcy Code.

8.     The parties that produced the materials Mr. Allen seeks to file under seal presumably designated those materials "Confidential" or "Highly Confidential" in accordance with the definitions of those designations in the Confidentiality Order, including that the materials are those that "it would not want to be made public in the ordinary course of its activities, including but not limited to technical, business, financial, personal or other

---

[1]     The Parties are: (a) the Debtors and Debtors in Possession; (b) the Debtor and Debtor in Possession Charter Investment, Inc.; (c) the Agent for the Debtors' Prepetition Junior Facility and Certain of the Lenders Thereunder; (d) the Agent for the Debtors' Unofficial Committee of Unaffiliated Holders of Certain CCH I & CCH II Notes Issuances; (e) the Unofficial Committee of Unaffiliated Holders of Certain CCH II Note Issuances; (f) Charter Investment, Inc. & Vulcan Cable III, Inc.; and (g) the Creditors Committee.

information that can be protected under Federal Rule of Civil Procedure 26(v) and Federal Rule of Bankruptcy Procedure 7026" or that are "of such a nature that a risk of competitive injury would be created if such Discovery Material were disclosed" to persons other than those expressly permitted by the Confidentiality Order. *See* Ex. B at ¶ 3.

9. The Motion and the Zimet Declaration and Exhibits attached thereto also reference highly sensitive and confidential information regarding one or more of the parties.

## NOTICE

10. Notice of this Application has been given to the Parties as defined herein, namely (a) the Debtors and Debtors in Possession; (b) the Debtor and Debtor in Possession Charter Investment, Inc.; (c) the Agent for the Debtors' Prepetition Junior Facility and Certain of the Lenders Thereunder; (d) the Agent for the Debtors' Unofficial Committee of Unaffiliated Holders of Certain CCH I & CCH II Notes Issuances; (e) the Unofficial Committee of Unaffiliated Holders of Certain CCH II Note Issuances; (f) Charter Investment, Inc. & Vulcan Cable III, Inc.; and (g) the Creditors Committee. Notice of this Application has also been given to the Office of the United States Trustee for the Southern District of New York. In light of the nature of the relief requested herein, Mr. Allen submits that no other or further notice is required.

## NO PRIOR REQUEST

11. No prior Application for the relief requested herein has been made to this Court or any other court with regards to the Motion.

WHEREFORE, Mr. Allen respectfully requests that the Court (i) enter an order, substantially in the form annexed hereto authorizing Mr. Allen to file under seal Mr. Allen's Motion and the Zimet Declaration and all Exhibits attached thereto; and (ii) grant such other and further relief as the Court deems appropriate.

Dated: July 16, 2009
       New York, New York

Respectfully submitted,

SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP

By: _____
       Robert E. Zimet
       Susan L. Saltzstein
       Jeremy A. Berman
Four Times Square
New York, New York 10036
(212) 735-3000

ATTORNEYS FOR PAUL G. ALLEN



UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

In Re:                 :     Chapter 11 Cases

CHARTER COMMUNICATIONS, INC.    :     Case No. 09-011435 (JMP)

             Debtors.      :     (Jointly Administered)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

JPMORGAN CHASE BANK, N.A.,
as Administrative Agent,

                     :

             Plaintiff,      :     Adversary Proceeding
                                     No. 09-01132 (JMP)
      - against -         :

CHARTER COMMUNICATIONS     :
OPERATING, LLC and CCO HOLDINGS,
LLC,                            :

             Defendants.     :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**ORDER GRANTING APPLICATION FOR ENTRY OF AN ORDER
AUTHORIZING PAUL G. ALLEN TO FILE UNDER SEAL PAUL G. ALLEN'S
MOTION IN LIMINE FOR A DECLARATION THAT HE IS NOT REQUIRED
TO APPEAR FOR LIVE TESTIMONY AT THE CONFIRMATION HEARING**

Upon consideration of the application (the "Application") of Paul G. Allen for

entry of an order pursuant to section 107(b) of the Bankruptcy Code and Rule 9018 of the

Federal Rules of Bankruptcy Procedure authorizing Mr. Allen to file under seal Mr. Allen's

Motion In Limine For A Declaration That He Is Not Required To Appear For Live Testimony At

The Confirmation Hearing (the "Motion") and a supporting Declaration of Robert E. Zimet and

accompanying Exhibits (the "Zimet Declaration"); and it appearing that the relief requested in

the Application is in the interests of justice; and it appearing that this Court has jurisdiction over

the Application pursuant to 28 U.S.C. § 157(c) and 1334; and it appearing that venue of the proceeding and this Application is proper in this district pursuant to 28 U.S.C. § 1409; and it appearing that no other notice is necessary at this time; and after due deliberation and sufficient cause appearing therefore; it is hereby:

ORDERED that the Application is granted to the extent provided herein; and it is further

ORDERED that Mr. Allen is hereby authorized to file under seal the Motion and Zimet Declaration and all Exhibits attached thereto accompanying the Motion; and it is further

ORDERED that all information filed under seal pursuant to this Order shall remain filed under seal until further order of the Court; and it is further

ORDERED that this Order is without prejudice to the rights of any party in interest or the U.S. Trustee to seek to declassify and make public any portion of the materials filed under seal; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated:     July ___, 2009
           New York, New York

_____
THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE

**B**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CHARTER COMMUNICATIONS, INC., | ) | 09-11435(JMP) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | |
| JPMORGAN CHASE BANK, N.A., | ) | |
| as Administrative Agent, | ) | |
| | ) | |
| Plaintiff, | ) | Adversary Proceeding |
| | ) | No. 09-01132 (JMP) |
| -against- | ) | |
| | ) | |
| CHARTER COMMUNICATIONS OPERATING, | ) | |
| LLC and CCO HOLDINGS, LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## CONFIDENTIALITY AGREEMENT AND STIPULATED PROTECTIVE ORDER

This Confidentiality Agreement and Stipulated Protective Order ("Order") is entered into between Charter Communications, Inc. and its direct and indirect subsidiaries (collectively, "Charter"), through their counsel, and JPMorgan Chase Bank, N.A ("JPMorgan"), through its counsel, (collectively, the "Parties");

WHEREAS, there are, or may be, judicial or other proceedings, including but not limited to contested motions, adversary proceedings and other disputes (the "Disputes") arising out of Charter's filing of voluntary petitions under chapter 11 of 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code") or otherwise relating to the Amended and Restated Credit Agreement, dated as of March 18, 1999, as amended and restated as of March 6, 2007, among

Charter Communications Operating, LLC, as Borrower, JPMorgan as Administrative Agent, and certain other parties (the "Credit Agreement");

WHEREAS, the Parties have sought or may seek certain discovery from one another with respect to the Disputes, including through service of document requests, interrogatories, depositions, and otherwise as provided by the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, and the Local Rules of this Court ("Discovery Requests"); and

WHEREAS, the Parties anticipate that there are certain persons or entities other than the Parties hereto[1] that may also propound or be served with Discovery Requests (the "Non-Parties") in connection with the Disputes during the course of the Disputes;

To expedite the exchange of discovery materials, to facilitate the prompt resolution of disputes over confidentiality, and to protect discovery material entitled to be kept confidential, the Parties stipulate and agree as follows:

1.      This Order applies to all information, documents and things exchanged in or subject to discovery in these Disputes produced on or after March 15, 2009 either by a Party or a Non-Party (each a "Producing Person"), formally or informally, either prior to or after the filing of a judicial proceeding, in response to or in connection with any request for information or discovery related to the Disputes, including without limitation, deposition testimony (whether based upon oral examination or written questions), interrogatories, answers to interrogatories, requests for admission, responses to requests for admission, documents and things produced (including documents and things produced to the receiving Party for inspection and documents

---

[1]      Reference herein to "Non-Parties" or a Non-Party," or a "Non-Party" becoming a "Party," is for purposes of reference in this Order only. All such references herein are not intended to reflect any agreement as to whether any "Party" is or will be a "party," or any "Non-Party" will not be a "party," in any case or other proceeding, or otherwise to reflect any agreement as to the "party" or "non-party" status of any litigant.

and things provided to the receiving Party, whether in the form of originals or copies) as well as any and all copies, abstracts, digests, notes, summaries, and excerpts thereof, except as provided in Paragraph 19 below (collectively referred to as "Discovery Material").

2.      The Parties agree that the Parties shall submit this Order to the Court, without alteration, to serve as a Stipulated Protective Order for governing information exchanges and discovery. The Parties expressly agree to abide by the terms of this agreement even if this Order is not entered by the Court for any reason, unless the Court otherwise determines.

3.      A Producing Person may designate Discovery Material as "Confidential" if such Producing Person believes in good faith (or with respect to documents received from another person, has been reasonably advised by such other person) that such Discovery Material constitutes or includes information:    (i) that has not been made public and that the Producing Person would not want to be made public in the ordinary course of its activities, including but not limited to technical, business, financial, personal or other information of a nature that can be protected under Federal Rule of Civil Procedure 26(c) and Federal Rule of Bankruptcy Procedure 7026; or (ii) that the Producing Person is under a preexisting obligation to a third-party to treat as confidential; or (iii) that the Producing Person has in good faith been requested by another Party or Non-Party to so designate on the ground that such other Party or Non-Party considers such material to contain information that is confidential or proprietary to such Party or Non-Party. A Producing Person may designate Discovery Material as "Highly Confidential" if such Producing Person believes in good faith (or with respect to documents received from another person, has been reasonably advised by such other person) that such Discovery Material constitutes or includes Confidential information (as defined herein) that is of such a nature that a risk of competitive injury would be created if such Discovery Material were disclosed to persons

3

other than those identified in paragraph 8 of this Order, such as trade secrets or sensitive financial or business information. A Producing Person may designate Discovery Material as "Professional Eyes Only - Highly Confidential" only if such Producing Person believes in good faith (or with respect to documents received from another person, has been reasonably advised by such other person) that such material is of such a nature that "Professional Eyes Only - Highly Confidential" treatment is warranted because its disclosure to another Party or Non-Party would create a substantial risk of serious injury that could not be avoided by a designation of Confidential or Highly Confidential. As of March 23, 2009, no Party or Non-Party who participated in the negotiation of this Order had identified any category of document as "Professional Eyes Only - Highly Confidential," although that does not foreclose such documents or categories from reasonably being identified in the future.

4.      Subject to the other provisions of this Order, and subject to the prior approval of each Producing Person, which approval shall not be unreasonably withheld or unreasonably delayed, each receiving Party may designate two (2) individual employees or officers of the Party (the "Receiving Party Designees") besides those listed in paragraph 8 of this Order who shall be permitted to review Confidential and Highly Confidential Material.

5.      Where reasonably practicable any Professional Eyes Only - Highly Confidential Material, Highly Confidential Material or Confidential Material shall be designated by the Producing Person as such by marking every such page "Professional Eyes Only - Highly Confidential," "Highly Confidential" or "Confidential" respectively. Such markings should not obliterate or obscure the content of the material that is produced. Where marking every page of such materials is not reasonably practicable, such as with certain native file documents, a Producing Person may designate material as "Professional Eyes Only - Highly Confidential,"

4

"Highly Confidential" or "Confidential" by informing the person to whom the material is provided in writing in a clear and conspicuous manner at the time of production of such material, that such material is "Professional Eyes Only - Highly Confidential," "Highly Confidential" or "Confidential."

6.     Any Discovery Material designated "Professional Eyes Only - Highly Confidential," "Confidential" or "Highly Confidential" may be used only in connection with the Disputes (including the parties' consideration of the Disputes leading up to the commencement of any case or proceeding) and in any judicial proceedings relating to the Disputes that may result.

7.     Any Non-Party that agrees in writing to the terms of this Order shall be treated as a Party to this Order with all rights of the signatory Parties hereto and shall be permitted to review Professional Eyes Only - Highly Confidential Material, Highly Confidential Material and Confidential Material as set forth in paragraphs 8 and 9 and 10. In addition, each member of the Steering Committee of Prepetition Lenders and each member of the "Committee" (as that term is defined in that certain "Term Sheet" filed with Charter's February 13, 2009 8-k) of certain noteholders of the 11% senior secured notes due 2015 issued by CCH I, LLC and CCH I Capital Corporation, and the 10.25% Senior Notes due 2010 of CCH II, LLC and CCH II Capital Corporation (collectively, the "Noteholders") shall be allowed to designate two individuals as Receiving Party Designees, each subject to the prior approval of each Producing Person, which approval shall not be unreasonably withheld.

8.     Highly Confidential Material shall be given, shown, made available to or communicated only to the following:

a.   outside counsel, and staff working under the express direction of such counsel, for:

   (i)    Charter;

   (ii)   JPMorgan;

   (iii)  Vulcan, Inc.;

   (iv)   Charter Investment, Inc.;

   (v)    The Noteholders; and

   (vi)   any Non-Party who has agreed to be bound by the terms of this Order.

b.   industry advisors, financial advisors, accounting advisors, experts and consultants (and their respective staff) that are retained in connection with the Disputes;

c.   any person who is indicated on the face of a document to have been an author, addressee or copy recipient thereof, provided, however, that a person identified solely in this subparagraph shall not be permitted to retain copies of such Highly Confidential Material;

d.   any deponent or witness who was noticed for a deposition, or is on a witness list for hearing or trial, during or in preparation for his or her noticed deposition, hearing or trial testimony where such Highly Confidential Material is determined by counsel in good faith to be necessary to the anticipated subject matter of testimony, provided, however that such Highly Confidential Material can only be shared with such person in connection with preparation for the anticipated testimony, and the persons identified in this paragraph shall not be permitted to retain copies of such Highly Confidential Material;

e.   the Receiving Party Designees, provided that the Receiving Party Designees have already been approved by each Party and each Producing Person pursuant to paragraphs 4 and 7;

f.   the Court, its officers and clerical staff in any judicial proceeding that may result from the Disputes;

g.   outside photocopying, graphic production services, or litigation support services;

h.   court reporters, stenographers, or videographers who record deposition or other testimony in the litigation; and

i.    any other person or entity with respect to whom the Producing Person may consent in writing.

9.    Confidential Material shall be given, shown, made available to or communicated only to the following:

        a.    Charter;

        b.    JPMorgan and members of the Steering Committee of Prepetition Lenders;

        c.    Vulcan, Inc.;

        d.    Charter Investment Inc.;

        e.    The Noteholders;

        f.    any Non-Party who has agreed to be bound by the terms of this Order; and

        g.    any other persons specified in Paragraph 8 above.

10.    Professional Eyes Only - Highly Confidential Material may be given, shown, made available to or communicated to any persons who are able to receive "Highly Confidential" material pursuant to Paragraph 8, except that Professional Eyes Only - Highly Confidential Material may not be shown, made available to, or communicated to any Receiving Party Designee.

11.    Professional Eyes Only - Highly Confidential Material and the substantive information contained within such items shall not be given, shown, made available to, disclosed or communicated in any way, except to those people provided in paragraph 10.    Highly Confidential Material and the substantive information contained within such items shall not be given, shown, made available to, disclosed or communicated in any way, except to those people provided in paragraph 8.    Confidential Material and the substantive information contained within such items shall not be given, shown, made available to, disclosed or communicated in any way, except to those people provided in paragraph 9.

12.     Before any person or their representative identified in Paragraph 8(b) through 8(f) is given access to Discovery Materials designated "Confidential," "Highly Confidential" or "Professional Eyes Only - Highly Confidential," if allowed by the above rules, such person or their representative shall be provided with a copy of this Order and shall acknowledge in a written statement, in the form provided as Exhibit A hereto, that he or she read the Order and agrees to be bound by the terms thereof. Such executed forms shall be retained in the files of counsel for the Party who gave access to the Discovery Materials designated as "Confidential," "Highly Confidential" or "Professional Eyes Only - Highly Confidential" to the person who was provided such access. Such executed forms shall not be subject to disclosure under the Federal Rules of Civil Procedure or the Federal Rules of Bankruptcy Procedure unless a showing of good cause is made and the Court so orders.

13.     Provided that Professional Eyes Only - Highly Confidential Material, Highly Confidential Material or Confidential Material is accepted for filing by the Court under seal, Professional Eyes Only - Highly Confidential Material, Highly Confidential Material or Confidential Material shall be filed under seal.  Professional Eyes Only - Highly Confidential Material, Highly Confidential Material or Confidential Material and any copies thereof, and the information contained therein that are filed with the Court or any pleadings, motions or other papers filed with the Court shall be filed under seal in a separate sealed envelope conspicuously marked "Filed Under Seal – Subject to Confidentiality Order," or with such other markings as required by the Court's rules. Where possible, only those portions of filings with the Court that disclose Professional Eyes Only - Highly Confidential Material, Highly Confidential Material or Confidential Material shall be filed under seal.  Each filing party will make a good faith effort to file Professional Eyes Only - Highly Confidential Material, Highly Confidential Material or

Confidential Material under seal. If such Professional Eyes Only - Highly Confidential Material, Highly Confidential Material or Confidential Material is not accepted for filing by the Court under seal, then such Professional Eyes Only - Highly Confidential Material, Highly Confidential Material or Confidential Material shall be filed or presented as the Court instructs.

14.     The limitations on disclosure in this Order shall not apply to any Discovery Materials offered or otherwise used by any Party at trial or any hearing held in open court except as provided in this paragraph. Prior to the use of any Professional Eyes Only - Highly Confidential Material, Highly Confidential Material or Confidential Material at trial or any hearing to be held in open court, counsel for any Party (whether or not a Producing Person) who desires to so offer or use such Professional Eyes Only - Highly Confidential Material, Highly Confidential Material or Confidential Material shall meet and confer with the Producing Person together with any other Parties who have expressed interest in participating in such meet and confer to discuss ways to redact the Professional Eyes Only - Highly Confidential Material, Highly Confidential Material or Confidential Material so that the material may be offered or otherwise used by any party. If the Parties are unable to resolve a dispute involving such redaction, the Party seeking to use such materials at trial or any hearing may then move the Court to resolve any such dispute.

15.     In the case of depositions, if counsel for a Party or Non-Party believes that a portion or all of the testimony given at a deposition constitutes Confidential Material, Highly Confidential Material or Professional Eyes Only - Highly Confidential Material of such Party or Non-Party, counsel shall so state on the record and shall request that the entire transcript or the relevant portion of testimony be sealed. The court reporter, who shall first have agreed to abide by the terms of this Order, shall be instructed to include on the cover page of each sealed

9

transcript the legend: "This transcript portion contains information subject to a Protective Order and shall be used only in accordance therewith." In addition, each page of the transcript containing information designated as Confidential Material shall include the legend "Confidential," each page containing information designated as Highly Confidential shall include the legend "Highly Confidential" and each page containing information designated "Professional Eyes Only - Highly Confidential" shall include the legend "Professional Eyes Only - Highly Confidential." If the deposition is videotaped, the videotape shall be subject to the same level of confidentiality as the transcript and the cover of the videotape shall include the legend "Confidential," "Highly Confidential" or "Professional Eyes Only - Highly Confidential," as appropriate, if any portion of the transcript itself is so designated. When testimony designated as Confidential, Highly Confidential or Professional Eyes Only - Highly Confidential is elicited during a deposition, persons not entitled to receive such information under the terms of this Order shall be excluded from the portion of the deposition so designated. In addition, any Party or Non-Party may designate the transcript or videotape of a deposition as Confidential, Highly Confidential or Professional Eyes Only - Highly Confidential within seven (7) court days of the Party's or Non-Party's receipt of the final transcript from the court reporter. Such designation and notice shall be made in writing to the court reporter, with copies to all other counsel, identifying the portion(s) of the transcript that constitute items designated as Confidential Material, Highly Confidential Material or Professional Eyes Only - Highly Confidential Material, and directing the court reporter to place the same under seal as provided in this paragraph 14. Until expiration of the aforesaid seven (7) day court period following receipt of the transcript by the Parties, all deposition transcripts and videotapes shall be considered and treated as Highly Confidential unless otherwise agreed on the record at the deposition. Nothing

in this paragraph 15 shall apply to or affect the confidentiality designations on documents or materials entered as exhibits at depositions. The "seven (7) day court period" set forth in this paragraph shall instead be a "four (4) day court period" if the Court orders an expedited deposition, trial and/or hearing schedule.

16.     Nothing herein shall be a waiver or relinquishment by any person of any right to object to any discovery request, or to the admission of evidence on any ground, or to seek any further protective order, or to seek relief from the Court or any other applicable court from any provision of this Order by application on notice on any grounds.

17.     If any receiving Party objects to the designation of any Discovery Material as "Confidential," "Highly Confidential" or "Professional Eyes Only - Highly Confidential" (whether such designation is made on a permanent basis or temporary basis with respect to deposition testimony), the receiving Party shall first raise the objection with the Party responsible for such designation, and seek to confer in good faith by telephone or in person to attempt to resolve any dispute respecting the terms or operation of this Order. If such a dispute cannot be resolved after such objection is first raised, the objecting Party may then move the Court to do so. Until the Court rules on such an issue, the Discovery Material shall continue to be treated as designated.     Upon motion, the Court may order the removal of the "Confidential," "Highly Confidential" or "Professional Eyes Only - Highly Confidential" designation from any Discovery Material so designated subject to the provisions of this Order.  In connection with any motion concerning the propriety of a "Confidential," "Highly Confidential" or "Professional Eyes Only - Highly Confidential" designation, the Party making the designation shall bear the burden of proof.

18.    A receiving Party shall not be obliged to challenge the propriety of a confidentiality designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. The failure of any Party to challenge the designation by another production Party of Discovery Materials as "Confidential," "Highly Confidential" or "Professional Eyes Only - Highly Confidential" during the discovery period shall not be a waiver of that Party's right to object to the designation at trial.

19.    To the extent that any Party has documents or information that (i) were already in its possession as of March 15, 2009; (ii) are received or become available to a Party on a proper non-confidential basis not in violation of an obligation of confidentiality to any other person; or (iii) are published or become publicly available in a manner that is not in violation of this Order or of any obligation of confidentiality to any other person, including a Party, nothing in this Order shall limit that Party's ability to use such documents in a deposition, hearing, trial or otherwise in connection with these Disputes. Nothing in this Order shall affect the obligation to continue to comply with any confidentiality obligation to another person, including a Party, with respect thereto.

20.    This Order is a procedural device intended to protect confidential Discovery Materials. Nothing in this Order shall affect any Party's or Non-Party's rights or obligations under the Credit Agreement.

21.    Within 60 days of the conclusion of the Disputes, including any proceedings in connection with which Professional Eyes Only - Highly Confidential Material, Highly Confidential Material or Confidential Material were produced, including all appeals as to all Parties, all Professional Eyes Only - Highly Confidential Material, Highly Confidential Material or Confidential Material, and all copies or notes thereof in the possession of any person, shall be

returned to counsel for the respective Producing Person, or destroyed, except that counsel may retain their work product and copies of court filings, transcripts, and exhibits, provided said retained documents will continue to be treated as provided in this Order. If a person in possession of Professional Eyes Only - Highly Confidential Material, Highly Confidential Material or Confidential Material chooses to destroy documents after the conclusion of these proceedings, that person shall certify such destruction in writing to opposing counsel. Notwithstanding anything in this paragraph, to the extent that the information in the Professional Eyes Only - Highly Confidential Material, Highly Confidential Material or Confidential Material remains confidential, the terms of this Order shall remain binding.

22.     This Order applies to all Non-Parties that are served with subpoenas in connection with the Disputes or who otherwise produce documents or are noticed for deposition in connection with the Disputes, and all such Non-Parties are entitled to the protection afforded hereby upon signing a copy of this Order and agreeing to be bound by its terms.

23.     Any Party may move to modify the provisions of this Order at any time or the Parties may agree by written stipulation, subject to further order of the Court if applicable, to modify the provisions of the Order.

24.     Any person or Party subject to this Order that may be subject to a motion or other form of legal process or any regulatory process or demand seeking the disclosure of another Party's or Non-Party's information designated under one of the categories of confidentiality pursuant to this Order: (i) shall promptly notify that Party or Non-Party to enable it to have an opportunity to appear and be heard on whether that information should be disclosed, and (ii) shall not provide such materials unless required by law or regulation with the consent of the Producing Person.

13

25. Except as set forth in Paragraph 14 above, nothing in this Order affects the right of any Producing Person that designates material "Confidential," "Highly Confidential" or "Professional Eyes Only - Highly Confidential" to use or disclose such material in any way. Such disclosure will not waive the protections of this Order and will not entitle other Parties, Non-Parties, or their attorneys to use or disclose such material in violation of this Order, except that if the Producing Person uses such material in a manner inconsistent with its confidential status, then that will serve as a basis to object to the designation.

26. Except as provided in this paragraph, following a Producing Person's production or dissemination of Discovery Material, the failure to designate particular Discovery Material as "Confidential," "Highly Confidential" and "Professional Eyes Only - Highly Confidential" at the time of production shall not operate to waive a Producing Person's right to later designate such Discovery Material as "Confidential," "Highly Confidential" or "Professional Eyes Only - Highly Confidential." No Party shall be deemed to have violated this Order if, prior to notification of any later designation, such Discovery Material has been disclosed or used in a manner inconsistent with the later designation. Once such a designation has been made, however, any such Discovery Material shall be treated as "Confidential," "Highly Confidential" or "Professional Eyes Only - Highly Confidential" in accordance with this Order; provided, however, that if the Discovery Material that was not designated is, at the time of the later designation, filed with a court on the public record, the Party or person that failed to make the designation shall move for appropriate relief. If an omitted "Confidential," "Highly Confidential" or "Professional Eyes Only - Highly Confidential" designation is first claimed during the course of a deposition or hearing, the subject Discovery Material may be used during

that day's deposition or hearing, as though no designation had been made, but shall be treated as though such designation had been made immediately thereafter.

27.     If information or documents subject to a claim of privilege or of protection as trial preparation material are produced after March 15, 2009, such production will in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege or work-product immunity for such information either in connection with any Dispute or in any other state or federal proceeding.   If information or documents produced after March 15, 2009 are subject to a claim of privilege or of protection as trial preparation material, the Producing Person making the claim may notify any Party or Non-Party that received the information of the claim and the basis for it.   After being notified, a Party or Non-Party must promptly return or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim.   The Producing Person must preserve the information until the claim is resolved.   Nothing herein shall be construed to prejudice any Party's right to argue that any document or information is or is not privileged under applicable law.

28.     Nothing herein shall be deemed to prevent a Party or Non-Party from objecting to discovery or asserting that information being sought in discovery is of such a nature that discovery should not be afforded because of the confidential, personal or proprietary nature of the information being sought or to preclude a Party or Non-Party from seeking additional or further limitations on the use or disclosure of such information.

29.    The provisions of this Order shall survive the final termination of the Disputes for any retained Professional Eyes Only - Highly Confidential Material, Highly Confidential Material or Confidential Material.

Dated: April 6, 2009

                             _s/ Daniel T. Donovan_____
                             Debtors

                             _s/ George Wang_____
                             JPMorgan Chase Bank, N.A., as Adminstrative Agent

**SO ORDERED:**

Dated: New York, New York
         April 6, 2009                _s/ James M. Peck_____
                              Honorable James M. Peck
                              United States Bankruptcy Judge

## Exhibit A

## DECLARATION OF ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND BY THE CONFIDENTIALITY AGREEMENT AND STIPULATED PROTECTIVE ORDER

I, _____, declare under penalty of perjury that:

1.      My address is _____ .

2.      My present employer is_____ .

3.      My present occupation or job description is _____

_____ .

4.      I hereby certify and agree that I have read and understand the terms of the Stipulated Protective Order in relating to the Disputes between Charter and JPMorgan. I further certify that I will not use "Confidential," "Highly Confidential" or "Professional Eyes Only - Highly Confidential" information for any purpose other than this dispute among the parties, and will not disclose or cause "Confidential," "Highly Confidential" or "Professional Eyes Only - Highly Confidential" information to be disclosed to anyone not expressly permitted by the Order to receive "Confidential," "Highly Confidential" or "Professional Eyes Only - Highly Confidential," as applicable, information. I agree to be bound by the terms and conditions of the Order.

5.      I understand that I am to retain in confidence from all individuals not expressly permitted to receive information designated as "Confidential," "Highly Confidential" or "Professional Eyes Only - Highly Confidential, "whether at home or at work, all copies of any materials I receive which have been designated as "Confidential," "Highly Confidential" or "Professional Eyes Only - Highly Confidential," and that I will carefully maintain such materials in a container, drawer, room or other safe place in a manner consistent with the Order. I acknowledge that the return or destruction of "Confidential," "Highly Confidential" or

17

"Professional Eyes Only - Highly Confidential" material shall not relieve me from any other continuing obligations imposed upon me by the Order.

6.     I acknowledge and agree that I am aware that by receiving materials designated as "Confidential," "Highly Confidential" or "Professional Eyes Only - Highly Confidential" (a) I may be receiving material non-public information about companies and (b) there exist laws, including federal securities laws, that may restrict or eliminate the sale or purchase of securities and debt of the such companies as a result of the receipt of such information.

7.     I stipulate to the jurisdiction of this Court solely with respect to the provisions of the Order.

Date: _____

_____
(Signature)